UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN CARLOS AGUILAR, JOSE ANTONIO
ZAVALA and JOSE CARLOS ZAVALA,

        Plaintiffs,   REPORT AND
                                                       RECOMMENDATION
  - against -   20 CV 5527 (DG)(RML)

PAGE X CORP. d/b/a/ LA GROTTA
RISTORANTE and JUAN FERNANDEZ,

        Defendants.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

    This case was reassigned to me on January 9, 2023. For the reasons stated below, I respectfully recommend that defendants' Answer be stricken and that default judgments be entered against them.

    Plaintiffs Juan Carlos Aguilar, Jose Antonio Zavala and Jose Carlos Zavala ("plaintiffs") filed this case on November 13, 2020, asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 219(b), and the New York Labor Law. (See Complaint, dated Nov. 13, 2020, Dkt. No. 1.) Defendants Page X Corp. d/b/a/ La Grotta Ristorante and Juan Fernandez ("defendants") filed their Answer on April 26, 2021. (See Answer, dated Apr. 16, 2021, Dkt. No. 10.) The parties appeared for an initial conference before Magistrate Judge Roanne L. Mann on May 17, 2021, at which the case was referred on consent to court-annexed mediation, to be completed by September 17, 2021. (See Minute Entry, dated May 17, 2021.)

    The case did not settle in mediation, and the parties appear to have completed discovery on December 15, 2021. Because the parties expressed a desire to continue working toward an amicable resolution, Judge Gujarati referred the case back to mediation, to be

completed by July 22, 2022. (See Order, dated May 23, 2022.) However, that mediation never took place.

Due to the death of defendant Juan Fernandez's son, defendants' counsel was unable to communicate with his clients for some time. (See Letter of John F. Lagan, Esq., dated Aug. 22, 2022, Dkt. No. 21 (seeking leave to withdraw due to lack of communication); Letter of John F. Lagan, Esq., dated Aug. 25, 2023, Dkt. No. 23 (withdrawing motion to be relieved as counsel and explaining that Mr. Fernandez was "out of the country attending to funeral arrangements and managing his grief," but counsel had been informed that he intended to cooperate and move forward with the case.) In light of those unfortunate circumstances, Judge Mann directed defense counsel to confer with defendants and file an updated status report by September 17, 2022, stating "whether defense counsel intends to renew the firm's motion to withdraw or whether defendants commit to cooperate with their counsel in defending this action," and "[i]f the latter, the parties shall promptly schedule a date for court-annexed mediation." (See Order, dated Aug. 29, 2022.)

By letter dated September 19, 2022, defendants' counsel reported that defendants were committed to defending this action and had consented to scheduling a prompt mediation. (See Letter of John F. Lagan, Esq., dated Sept. 19, 2022, Dkt. No. 25.) Judge Mann then directed counsel for both sides to communicate with the mediator and reschedule the mediation session as quickly as possible, with a joint updated status report due by October 31, 2022. (See Order, dated Sept. 20, 2022.)

By letter dated October 31, 2022, plaintiffs' counsel reported that the mediation had been scheduled for October 13, 2022, but that defendants had canceled the mediation session at the last minute and it had not been rescheduled. (See Letter of James O'Donnell, Esq., dated

Oct. 31, 2022, Dkt. No. 26.) Judge Mann issued an order admonishing defendants for failing to participate in court-annexed mediation and directed them to show cause by November 3, 2022 why they and their counsel should not be sanctioned. (See Order, dated Oct. 31, 2022.) Defendants responded by explaining that Mr. Fernandez's grief at the loss of his son had prevented him from engaging fully in this matter. (See Letter of John F. Lagan, Esq., dated Nov. 3, 2022, Dkt. No. 27.) Judge Mann declined to order sanctions, but placed defendants on notice "that the Court will tolerate no further violations of court orders" and that any additional failure to comply could result in the court striking defendants' Answer, entering a default against defendants, and/or imposing sanctions on defendants and their counsel. (See Order, dated Nov. 4, 2022.) Judge Mann directed counsel "to confer with the selected mediator, to schedule and (with their clients) participate in another mediation session by December 15, 2022, and to file a joint updated status report by December 22, 2022." (Id.)

   On November 14, 2022, defendants' attorney renewed his request to be relieved as counsel. (See Letter of John F. Lagan, Esq., filed Nov. 14, 2022, Dkt. No. 28.) He explained that since September 19, 2022, when defendants represented that they would cooperate with counsel in defending this action and consented to mediation, there had "been no further meaningful communication between counsel and clients." (Id.) He stated that "[i]t is clear now that Mr. Fernandez seems unable to cooperate with this office regarding this matter" and that defendants' lack of communication had rendered it "unreasonably difficult" for counsel to carry out his responsibilities effectively. (Id.) Judge Mann deferred ruling on the motion to withdraw and ordered counsel to supplement his motion "by describing the efforts he made to communicate with defendant Fernandez, stating whether Mr. Fernandez consents or objects to withdrawal, and providing complete contact information for Mr. Fernandez." (See Order, dated

Nov. 16, 2022.) Defendants' counsel complied by submitting an *ex parte* letter to the court. (See Letter of John F. Lagan, Esq., dated Nov. 21, 2022, Dkt. No. 29.)

By order dated November 27, 2022, Judge Mann scheduled an *ex parte* in-person hearing on the motion to withdraw for December 14, 2022. The order required defendant Fernandez, on behalf of himself and the corporate defendant, to appear at the scheduled time and warned defendants:

> that if they fail to timely appear, this Court will grant defense counsel's motion to withdraw and may recommend that the District Court strike their Answer and enter a default judgment against them. Defendants are further warned that if the motion to withdraw is granted but their Answer is not stricken, entities (such as Page X Corp.) are not permitted to represent themselves in federal court; therefore, unless defendants promptly retain new counsel, a default judgment will be entered against Page X Corp., and, if defendant Fernandez wishes to pursue his defense of the claims in this case, he will be representing himself without counsel.

(Order, dated Nov. 27, 2022.)

Defendants failed to appear for the *ex parte* hearing, and on December 20, 2022, Judge Mann granted defendants' counsel's motion to withdraw and advised defendants "that they have until January 20, 2023 to either have new counsel file a notice of appearance on their behalf, or, as to the individual defendant, Mr. Fernandez, advise the Court that he intends to proceed without a lawyer." The order explained that:

> [b]ecause the corporate defendant, Page X Corp., may only appear through counsel, if Page X Corp. fails to retain new counsel, the Court will recommend that its Answer be stricken and a default judgment be entered against it. Moreover, if Mr. Fernandez fails to notify the Court of his intentions by January 20, 2023, the Court may also recommend that his answer be stricken and a default judgment be entered against him.

(Order, dated Dec. 20, 2022.)

      The court has received no communication from defendants since then, and this case has been stalled for over a year. Accordingly, I am constrained to recommend that defendants' Answer be stricken and that default judgments be entered against them.

      Any objection to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

      Respectfully submitted,

      _____/s/_____
      ROBERT M. LEVY
      United States Magistrate Judge

Dated: Brooklyn, New York
      March 13, 2023